UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: NEW ENGLAND COMPOUNDING PHARMACY CASES | ) ) ) | Master Docket No. 12-12052-FDS |
| *This Document Relates To:* | ) ) ) | |
| GEORGE CARY, individually and as the personal representative of the Estate of LILIAN CARY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 12-12123-FDS |
| v. | ) ) | |
| NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER, ARL BIO PHARMA, INC. d/b/a ANALYTICAL RESEARCH LABORATORIES, AMERIDOSE LLC, MEDICAL SALES MANAGEMENT, INC., and BARRY J. CADDEN, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

**SAYLOR, J.**

This is, in essence, a product liability action asserting serious personal injuries arising out of the administration of the steroid methylprednisolone acetate manufactured by defendant New England Compounding Pharmacy, Inc. ("NECC"). Plaintiff George Cary is a citizen of South Carolina. Defendants NECC, Ameridose LLC, and Medical Sales Management, Inc., are Massachusetts corporations with principal places of business in Massachusetts. Defendant Barry

J. Cadden, the President of NECC, is a citizen of Massachusetts.[1]

Plaintiff filed this action in the Massachusetts Superior Court on October 17, 2012. On November 7, 2012, defendants removed the action to this Court, claiming both federal question and diversity jurisdiction. Plaintiff has moved to remand the case to the Superior Court on the basis of lack of subject matter jurisdiction.

The complaint asserts claims under Massachusetts law for wrongful death, conscious pain and suffering, negligence, and breach of implied warranty. It does not refer to federal law or any potentially applicable federal regulation or standard.

Defendant NECC nonetheless contends that federal question jurisdiction exists under 28 U.S.C. § 1331 because the definition of "compounding activity" under federal law is critical to the determination of plaintiff's state law claims. Specifically, defendant contends that compounding activity may be exempt from some FDA regulations. That is not a sufficient basis for federal question jurisdiction. At most, federal regulations in this case may provide, or bear upon, the standard of care. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 832 (1986) (finding that the court lacked federal-question jurisdiction over a tort claim incorporating the standard of care from the FDCA); *cf. Bowdrie v. Sun Pharmaceutical Industries Ltd.*, 2012 WL 5465994, 1 (E.D.N.Y. Nov. 9, 2012) (finding federal-question jurisdiction where "the federal issue involved [went] far beyond simply incorporating a federal standard into a state law cause of action."). The resolution of plaintiff's claims does not require the resolution of a substantial question of federal law.

---

[1] Defendant ARL Bio Pharma, Inc., ("ARL") is the only defendant which is not a citizen of Massachusetts. ARL is an Oklahoma corporation with a principal place of business in Oklahoma.

Furthermore, even if diversity of citizenship exists, removal of this case to this Court is improper under 28 U. S. C. § 1441(b)(2) because defendant New England Compounding Pharmacy., Inc. is a "citizen" of the state in which the action was brought.

Plaintiff's motion to remand is GRANTED.  This matter is REMANDED to the Superior Court of the Commonwealth of Massachusetts.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
Dated:  December 11, 2012                United States District Judge